UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JORDAN LEONARD, | ) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) Case No. 1:16-cv-00723-TWP-MPB |
| | ) |
| RODNEY SHROCK, | ) |
| | ) |
| Appellee. | ) |

## ORDER ON MOTION TO DISMISS BANKRUPTCY APPEAL

This matter is before the Court on Appellee Rodney Shrock's ("Shrock") Motion to Dismiss (Filing No. 8) Appellant Jordan Leonard's ("Leonard") appeal of a bankruptcy court adversary ruling filed pursuant to 28 U.S.C. § 158(a)(1) and Federal Rules of Bankruptcy Procedure 8001, 8002, and 8003. Following cross-motions for summary judgment regarding the dischargeability of Leonard's attorney fees debt to Shrock, the United States Bankruptcy Court for the Southern District of Indiana entered judgment in favor of Shrock. Leonard appealed that decision to this Court. Shrock filed his Motion to Dismiss, asserting that the district court does not have jurisdiction to consider the appeal because Leonard's Notice of Appeal was not timely filed. For the following reasons, the Court **GRANTS** Shrock's Motion to Dismiss.

### I. BACKGROUND

In 2013, Allysha Conwell ("Conwell") initiated a paternity action in state court against Leonard to establish the paternity of Conwell's son. Shrock served as Conwell's counsel in the paternity action. Leonard and Conwell initially could not agree on the terms of the son's custody and support, but following mediation, they were able to resolve their disagreements, and their resolution was memorialized in a mediation agreement. The mediation agreement was filed in the

paternity court and entered as an order of the court on September 24, 2014. The mediation-agreement-turned-court-order addressed child support, medical insurance, parenting time, mediator's fees, guardian ad litem fees, and attorney fees. Leonard had agreed to pay $1,000.00 of Conwell's attorney fees for Shrock's legal services. The court order directed Leonard to pay Shrock's attorney fees within ninety days of the mediation—by October 8, 2014.

Leonard failed to pay Shrock's attorney fees, so Shrock took steps to enforce the order in the paternity court in late October 2014. However, before the paternity court could hold additional proceedings on the matter, Leonard filed a Chapter 7 bankruptcy case on February 14, 2015. Leonard listed Shrock as a creditor, and Shrock received notice of the bankruptcy filing. Shrock took no steps to collect the attorney fees debt during the pendency of the Chapter 7 bankruptcy case. Leonard received a discharge on May 19, 2015.

Soon after Leonard's discharge, Shrock filed a show cause motion in the paternity court to enforce the paternity court's order and collect the attorney fees debt from Leonard. Believing that Shrock's actions were an improper attempt to collect a discharged debt, Leonard initiated an adversary proceeding by filing a complaint in the bankruptcy court (Case No. 15-842-RLM-7, Adversary Proceeding No. 15-50225). Leonard alleged in his complaint that the attorney fees debt was discharged by the bankruptcy court's earlier order, and Shrock's efforts violated the discharge injunction.

Leonard and Shrock each filed a motion for summary judgment in the bankruptcy court, and the parties argued whether the attorney fees debt, as ordered by the paternity court, was discharged in Leonard's Chapter 7 bankruptcy proceeding or whether the debt fell within an exception to the discharge. The bankruptcy court held a hearing on the motions for summary judgment, and on March 30, 2016, the bankruptcy court issued Findings of Fact and Conclusions

of Law and Final Judgment. The bankruptcy court ruled in favor of Shrock, determining that the attorney fees debt, as ordered by the paternity court, was not discharged in Leonard's Chapter 7 bankruptcy proceeding because it fell within an exception to discharge under 11 U.S.C. § 523(a)(5).

One day after entry of the bankruptcy court's Final Judgment, Leonard filed a Notice of Appeal with the bankruptcy clerk on March 31, 2016 ([Filing No. 1](#)). However, the filing was deficient. On the same day (March 31, 2016), the bankruptcy clerk issued a Notice of Deficient Filing, notifying Leonard that the appeal was deficient because it did not include the orders or judgments that Leonard was appealing ([Filing No. 1 at 3](#)), and the appeal did not use "Official Form B17A or substantially comply with that form." ([Filing No. 2](#).) Leonard was given until April 14, 2016, to cure the deficiencies. *Id.*

Leonard failed to correct the deficiencies by filing an adequate Amended Notice of Appeal by April 14, 2016. On April 18, 2016, the bankruptcy clerk sent notice to this Court that the parties failed to file the "Designation of Record" with the bankruptcy court. Later that same day, Leonard filed an Amended Notice of Appeal in the bankruptcy court, but this notice, like the first, was deficient because it did not include the appealed orders or judgments ([Filing No. 5](#)). The bankruptcy clerk again issued a Notice of Deficient Filing, which noted that deficiencies must be cured by May 2, 2016 ([Filing No. 5-1](#)). Later that day (April 18, 2016), Leonard filed a Second Amended Notice of Appeal, which included the bankruptcy court's Final Judgment but not the court's Findings of Fact and Conclusions of Law ([Filing No. 6](#)).

One week later, on April 25, 2016, Shrock filed a Motion to Dismiss the bankruptcy appeal ([Filing No. 8](#)). Relying on Bankruptcy Rule 8002, Shrock contends that this Court lacks jurisdiction over the appeal on the basis that Leonard's Notice of Appeal was filed beyond the

3

mandated fourteen-day appeal period; more specifically, Leonard missed the April 14, 2016 deadline to file a sufficient Amended Notice of Appeal and failed to request and receive an extension of time to file.

## II. **LEGAL STANDARD**

"The district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees" of the bankruptcy courts. 28 U.S.C. § 158(a)(1). "An appeal under subsections (a) and (b) of this section shall be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). Bankruptcy Rule 8002 establishes that "a notice of appeal must be filed with the bankruptcy clerk within 14 days after entry of the judgment, order, or decree being appealed." "The notice of appeal must: (A) conform substantially to the appropriate Official Form; (B) be accompanied by the judgment, order, or decree, or the part of it, being appealed; and (C) be accompanied by the prescribed fee." Fed. R. Bankr. P. 8003(a)(3).

"When a party appeals a bankruptcy court's decision under 28 U.S.C. § 158(a), district courts review a bankruptcy court's factual findings for clear error, and legal conclusions and the legal significance accorded to facts *de novo*." *In re Brown*, 444 B.R. 173, 175 (S.D. Ind. 2011) (citing *Ojeda v. Goldberg*, 599 F.3d 712, 716 (7th Cir. 2010)). The clearly erroneous standard is a highly deferential one. *Peoples State Bank v. Port Royal Aggregates, Inc.*, 193 B.R. 1020, 1022 (S.D. Ind. 1996). "Under this standard, if the trial court's account of the evidence is plausible in light of the record viewed in its entirety, a reviewing court may not reverse even if convinced that it would have weighed the evidence differently as trier of fact." *Id.* (citation omitted). Indeed, a factual finding is only clearly erroneous when the district court is "left with the definite and firm conviction that a mistake has been committed." *In re Sheridan*, 57 F.3d 627, 633 (7th Cir. 1995); *In re Brown*, 444 B.R. at 175. In contrast, *de novo* review requires an independent examination of

the applicable law without deference to the bankruptcy court's conclusions. *In re Brown*, 444 B.R. at 175.

### III. DISCUSSION

Shrock moves to dismiss this bankruptcy appeal because Leonard failed to timely file an adequate notice of appeal following the bankruptcy court's Final Judgment. Shrock points out that Leonard's March 31, 2016 Notice of Appeal was deficient and therefore ineffective to perfect an appeal. On the same day, the bankruptcy clerk notified Leonard of the deficiencies and provided a fourteen-day window to properly appeal the decision by April 14, 2016, by filing an amended notice of appeal. Shrock notes that Leonard did not ask for an extension of time to file an amended notice of appeal, and he did not comply with the fourteen-day deadline to file a compliant notice of appeal. Relying of Seventh Circuit case law, Shrock asserts that the failure to file a timely notice of appeal in compliance with the bankruptcy rules leaves the district court without power to hear the appeal. *See In re Salem*, 465 F.3d 767, 774 (7th Cir. 2006). While Rule 8002 provides a limited opportunity to untimely request a short extension of time where excusable neglect is shown, Shrock contends that Leonard has not shown excusable neglect for missing the filing deadline, and he never requested an extension of time before or after the fourteen-day deadline expired. Shrock explains that timely filing a notice of appeal is a jurisdictional prerequisite for the Court to consider an appeal, and the failure to timely file or to request and receive an extension of time creates a jurisdictional bar.

Responding to Shrock's argument, Leonard asserts that although his initial Notice of Appeal was deficient, it was timely filed within the fourteen-day period. He argues that, "[w]hile deficient, Mr. Leonard complied with Federal Rule of Bankruptcy Procedure Rule 8002 by filing within 14 days of the 'entry of the judgment, order, or decree being appealed.'" ([Filing No. 10 at

[2](.) Leonard explains, "In between the filing of the Notice of Appeal and the April 14, 2016 date to cure, Mr. Leonard's attorney was out of the country in Ireland. However, upon returning, Mr. Leonard's attorney cured the deficiency on April 18, 2016." *Id.* Leonard points out that Shrock did not object to any of the filings in the bankruptcy court, and the bankruptcy court did not strike any of the filings. Leonard compares his appeal to the appeal in *Lynn v. Pry*, 2015 U.S. Dist. LEXIS 153683 (S.D. Ind. Nov. 13, 2015), where the appellant had timely filed his initial but deficient notice of appeal. The appellant untimely filed his "designation of record" and "statement of issues." There, the appellant filed his corrected notice of appeal one day after the deadline set by the bankruptcy court, but the district court did not dismiss the appeal. Based on *Lynn*, Leonard asserts that his deficient but timely initial Notice of Appeal saves his appeal from dismissal.

Upon review of the *Lynn v. Pry* matter, the Court notes that the appellee in that case sought dismissal of the appeal on the basis that the appellant failed to timely file his "designation of record" and "statement of issues" as required by Rule 8009. Unlike Shrock in this case, the appellee was not seeking dismissal based on an untimely notice of appeal. This distinction is important. As noted by the court in *Lynn*, "[f]ailure to comply with Bankruptcy Rule 8009 is not jurisdictional." *Lynn*, 2015 U.S. Dist. LEXIS 153683, at *10. The court also explained in *Lynn* that "'[i]n the interest of expediting decision or for other cause in a particular case, the district court . . . may suspend the requirements or provisions of the rules in Part VIII,' including Rule 8009. Fed. R. Bankr. P. 8028." *Lynn*, 2015 U.S. Dist. LEXIS 153683, at *15.

However, as numerous courts have held, failure to comply with Bankruptcy Rule 8002 regarding the timely filing of the notice of appeal is jurisdictional, not simply procedural. *See In re Salem*, 465 F.3d 767, 774 (7th Cir. 2006) (Rule 8002 "is more than merely procedural; it is jurisdictional"); *In re Schultz Mfg. Fabricating Co.*, 956 F.2d 686, 689 (7th Cir. 1992) (finding no

6

district court jurisdiction in the absence of a timely notice of appeal from the bankruptcy court); *Martin v. Bay State Milling Co.*, 151 B.R. 154, 155 (N.D. Ill. 1993) (internal citations omitted, ten-day period has since been changed to fourteen days) ("Failure to timely file a notice within the ten day appeal period divests the district court of jurisdiction over the appeal and mandates dismissal of the appeal." . . . "[T]he 10-day time period in which to file a bankruptcy appeal is jurisdictional under Bankruptcy Rule 8002(a) . . . and cannot be waived." . . . "This 10-day limit is strictly construed, requiring strict compliance with its terms."); *In re Shah*, 546 B.R. 398, 402–03 (Bankr. E.D. Wis. 2016) (collecting cases that note the time limitation set in Rule 8002 is jurisdictional).

Furthermore, unlike Rule 8009, which may be suspended in the interest of expediting decision, Rule 8002 cannot be suspended by the district courts. Bankruptcy Rule 8028 provides that "[i]n the interest of expediting decision or for other cause in a particular case, the district court . . . may suspend the requirements or provisions of the rules in Part VIII, except Rules 8001, 8002, 8003 . . . ." Thus, the district courts are not permitted to suspend the requirements of Rules 8002 and 8003 regarding timely filing a notice of appeal and the materials required to perfect an appeal. Based on the important distinctions between Rules 8009 and 8002 being procedural or jurisdictional and being subject to suspension or not, the decision in *Lynn v. Pry* is not helpful to Leonard's case here.

Leonard notes that Shrock did not lodge any objections in the bankruptcy court regarding the untimely Amended Notice of Appeal, which was filed on April 18, 2016. However, only one week later, Shrock filed his Motion to Dismiss in this Court on April 25, 2016. While Shrock may not have filed a separate objection in the bankruptcy court, his Motion to Dismiss certainly served as an objection to Leonard's untimely appeal. Further, only this Court has jurisdiction to rule on the Motion to Dismiss. *Lynn*, 2015 U.S. Dist. LEXIS 153683, at *8 (citing *In re Schwinn Bicycle*

7

*Co.*, 204 B.R. 13, 16 (Bankr. N.D. Ill. 1997)). Shrock could have also objected in the bankruptcy court, but his Motion to Dismiss, based on a lack of jurisdiction because of the untimely Amended Notice of Appeal, was a proper litigation step since this Court has jurisdiction to determine whether it has jurisdiction to hear the appeal.

Bankruptcy Rule 8002 is jurisdictional. Without a proper and timely notice of appeal, the Court is left with no jurisdiction over the bankruptcy appeal and cannot reach the merits. Unlike some of the Bankruptcy Rules, the Court cannot suspend Rules 8002 and 8003 regarding the time limit to file a notice of appeal and the materials required to perfect an appeal.

While excusable neglect may provide a narrow window to seek an extension of time after the fourteen-day deadline has expired (see Rule 8002), Leonard never requested such an extension. In any event, the only reason provided by Leonard for the untimely filing is that "between the filing of the Notice of Appeal and the April 14, 2016 date to cure, Mr. Leonard's attorney was out of the country in Ireland." ([Filing No. 10 at 2](Filing No. 10 at 2).) However, noticeably missing is an explanation of when Leonard's counsel left the country and when she returned to the country. Leonard filed the deficient initial Notice of Appeal on Thursday, March 31, 2016. The bankruptcy clerk notified Leonard of the deficiencies the very same day. It seems likely to the Court that Leonard would have received the same-day notice of deficiencies before leaving the country and could have promptly and timely perfected the appeal. "It is counsel's responsibility to monitor the progress of their cases by checking the court's docket," and failure to do so "does not provide grounds for excusable neglect or warrant an extension of time." *In re Delaughter*, 295 B.R. 317, 320 (Bankr. N.D. Ind. 2003). Ignorance of the court's docket is not excusable neglect. *Id.* The Court does not have jurisdiction to consider this bankruptcy appeal because an adequate notice of appeal was not timely filed, and no excusable neglect has been shown.

## IV. CONCLUSION

Having failed to timely file his appeal, Leonard's appeal cannot be heard because the Court has no jurisdiction over the appeal. For the reasons stated above, Appellee Rodney Shrock's Motion to Dismiss Appellant Jordan Leonard's appeal of the bankruptcy court adversary ruling is **GRANTED**. ([Filing No. 8](#)). Accordingly, the bankruptcy appeal is **dismissed**.

**SO ORDERED.**

Date: 2/10/2017

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Rodney V. Shrock
ATTORNEY AT LAW
rashrock4@hotmail.com

Julie A. Camden
CAMDEN & MERIDEW, PC
jc@camlawyers.com